1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON PORTLAND DIVISION

NATIONWIDE MUTUAL INSURANCE
COMPANY, a foreign company,

Plaintiff,

vs.

ALL AROUND HANDYMAN LLC, and
JESUS GUTIERREZ-VALENCIA, an
individual,

Defendants.

No. 3:24-cv-01857

**COMPLAINT FOR DECLARATORY
RELIEF**

15    Plaintiff Nationwide Mutual Insurance Company ("Nationwide"), by and through its

16 counsel of record, Richard A. Lee and Stephanie Andersen of Forsberg & Umlauf, P.S., alleges as

17 follows:

18                          I.  **PARTIES**

19    1.    Nationwide issued certain types of insurance policies to its insured, defendant All

20 Around Handyman, LLC ("All Around Handyman"), including comprehensive general liability

21 ("CGL") insurance, Business Auto and Inland Marine.

22    2.    Nationwide is incorporated in Ohio with its principal place of business in

23 Columbus, Ohio.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 1
Cause No.

1782.0097
4859-2704-0495, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3.     Defendant All Around Handyman is a limited liability company with its principal place of business in Corbett, Multnomah County, Oregon that conducts regular and sustained business activity in that county.

4.     Upon information and belief, defendant Jesus Gutierrez-Valencia ("Gutierrez-Valencia") is an individual residing in Multnomah County, Oregon.

5.     Gutierrez-Valencia sued All Around Handyman and others in an underlying lawsuit alleging All Around Handyman's employee, John Bailey ("Bailey), while at work and driving an auto, engaged in street racing with Andrew Nichols ("Nichols") in a separate auto, with Nichols' auto colliding with Gutierrez-Valencia, a pedestrian at the time. Gutierrez-Valencia alleged he suffered serious injuries as the result of this collision.

6.     Gutierrez-Valencia added All Around Handyman to his underlying lawsuit in a second amended complaint filed March 13, 2024, suing it for respondeat superior. He brought a third amended complaint via stipulation on October 8, 2024, adding additional claims against All Around Handyman for negligent hiring, retention and supervision of Bailey. His lawsuit is entitled *Gutierrez-Valencia v. Nichols, et. al.,* Circuit Court of the State of Oregon for the County of Multnomah, cause no. 23CV45238 (the "Underlying Action"), attached hereto as Exhibit A.

## II.  JURISDICTION AND VENUE

7.     This Court has diversity jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between plaintiff Nationwide, on the one hand, and defendants All Around Handyman and Gutierrez-Valenica, on the other, and the amount in controversy exceeds $75,000.

8.     Venue is proper under 28 U.S.C. §1391(b) in this court because All Around Handyman is a limited liability company with its principal place of business in Corbett,

Multnomah County, Oregon and Gutierrez-Valenica is a resident of Multnomah County, Oregon.

## III.  FACTS

### The Second and Third Amended Complaints Against All Around Handyman

9.      On March 13, 2024, in his second amended complaint in the Underlying Action, Gutierrez-Valencia alleged All Around Handyman was liable for injuries caused by Bailey under a theory of respondeat superior:

> On the date of the incident, and at all material times, Defendant Bailey was in the course and scope of his employment with All Around and/or driving with All Around's permission from a parking lot he had just finished cleaning to another parking lot to be cleaned when he drove negligently as described above.

Second amended complaint ¶ 18.

10.      On October 13, 2024, in his third amended complaint, in addition to the respondeat superior claim above, Gutierrez-Valencia also alleged All Around Handyman was liable for negligent hiring, retention and supervision of Bailey, as follows:

> All Around was negligent in its hiring, retention, and supervision of Defendant Bailey by failing to verify Bailey's driving privileges before permitting him to drive a vehicle on public roads while on the job.

Third amended complaint ¶ 25 (Exh. A to this complaint).

### Nationwide's Agreement to Defend Under Reservation of Rights

11.      On March 28, 2024, All Around Handyman tendered defense and indemnity of the second amended complaint in the Underlying Action to Nationwide under the CGL, Business Auto and Inland Marine policies Nationwide issued to it.

12.      On April 15, 2024, Nationwide acknowledged receipt in writing of All Around Handyman's tender of the second amended complaint.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

13.     On June 12, 2024, Nationwide agreed in writing to defend All Around Handyman against the second amended complaint in the Underlying Action, subject to an express reservation of rights, under its Business Auto policy only. Nationwide declined to defend or indemnify All Around Handyman under its CGL policy, due to that policy's applicable auto exclusion, and further declined to defend All Around Handyman under its Inland Marine policy because that policy provides no third-party liability coverage at all.

14.     On October 16, 2024, All Around Handyman tendered defense and indemnity of the third amended complaint in the Underlying Action to Nationwide under the CGL, Inland Marine and Business Auto policies Nationwide issued to it.

15.     On November 7, 2024, Nationwide agreed in writing to defend All Around Handyman against the third amended complaint in the Underlying Action, subject to an express reservation of rights under its Business Auto policy and CGL policy, despite the CGL policy's applicable auto exclusion. Nationwide continued to decline to defend All Around Handyman under its Inland Marine policy because that policy provides no third-party liability coverage at all.

**Gutierrez-Valencia's Limits Demand**

16.     On October 7, 2024, All Around Handyman forwarded Nationwide a $1M policy limits demand from Gutierrez-Valencia to All Around Handyman under the CGL policy only. The policy limits demand expires on November 8, 2024.

17.     As shown below, neither the Business Auto policy nor the CGL policy provide any coverage to All Around Handyman against the Underlying Action.

**The Business Auto Policy**

18.     The Business Auto Policy contains the following liability insuring grant:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

COMPLAINT FOR DECLARATORY RELIEF – PAGE 4
Cause No.

1782.0097
4859-2704-0495, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" *and* resulting from the ownership, maintenance or use of a covered "auto."

\* \* \*

We have the right and duty to defend any "insured" against a "suit" asking for such damage or a "covered pollution cost or expense." *However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage"* or a "covered pollution cost or expense" *to which this insurance does not apply.* We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insured has been exhausted by payment of judgments or settlements.

Business Auto policy p. 18 of 55 (emphasis added), attached hereto as Exhibit B.

19.     As stated in the above insuring grant, coverage is triggered under the Business Auto liability form only for bodily injury caused by an accident resulting from the ownership, maintenance or use of a covered auto.

20.     The Business Auto policy describes covered autos for liability coverage as follows:

| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
|---|---|---|

Business Auto policy, p. 17 of 55.

## Item 3 – Schedule of Covered Autos You Own

**Vehicle Description**                                   **VIN Number**
   002   2006 INTERSTATE                              4RCACS16296N04223
         UTILITY TRAILER

**Vehicle Description**                                   **VIN Number**
   003   2007 TOYOTA                                  5TFRV54127X012404
         TUNDRA 4X2 DBL CAB

**Vehicle Description**                                   **VIN Number**
   005   2017 TOYOTA                                  5TFAY5F18HX612086
         TUNDRA

COMPLAINT FOR DECLARATORY RELIEF – PAGE 5
Cause No.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

1782.0097
4859-2704-0495, v. 1

| Coverage | Covered Autos | Limit and Deductible - the most we will pay for any one accident or loss |
|---|---|---|
| LIABILITY | 7 | 1,000,000 |

Business Auto policy p. 16 of 55.

21.    While the second and third amended complaints in the Underlying Action are silent as to what auto All Around Handyman's employee Bailey was driving at the time of the incident that allegedly resulted in injury to Gutierrez-Valencia, Nationwide knows from the police report (information outside the four corners of the second and third amended complaints) that Bailey was not using one of the covered autos identified in paragraph 20, above.

22.    Because Bailey was not using a covered auto when Gutierrez-Valencia was injured, coverage is not triggered under the Business Auto policy, and that policy does not apply.

23.    Per the Business Auto policy's liability insuring grant, when the policy does not apply, there is no duty to defend the insured (paragraph 18, above*).

**The CGL Policy**

24.    The CGL policy Nationwide issued to All Around Handyman includes the following insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. . . . However, *we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.*

CGL policy, p. 13 of 54 (emphasis added), attached hereto as Exhibit C.

25.    The CGL policy includes the following auto exclusion applicable to this matter:

    **2.    Exclusions**

    This insurance does not apply to:

COMPLAINT FOR DECLARATORY RELIEF – PAGE 6
Cause No.

1782.0097
4859-2704-0495, v. 1

* * *

### g. Aircraft, Auto or Watercraft

"Bodily injury" . . . arising out of the . . . use . . . of any . . . "auto" . . . owned or operated by . . . any insured.

This exclusion applies even if the claims against any insured allege *negligence* or other wrongdoing in the *supervision, hiring*, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" . . . involved the ownership, maintenance, use or entrustment of others of any . . . "auto" . . . that is owned or operated by . . . *any* insured.

CGL policy p. 16 of 54 (emphasis added).

26.    The CGL policy defines an "insured" as follows:

### SECTION II – WHO IS AN INSURED

* * *

**2.**    Each of the following is also an insured:

**a.**    . . . *[Y]our "employees"*, other than either your "executive officers" . . . or your managers . . . *but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.*

CGL policy p. 22 of 54 (emphasis added).

27.    The CGL policy defines an "employee" as:

### SECTION V – DEFINITIONS

* * *

**5.**    "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."[1]

---

[1] "Leased worker" means "a person leased to you by a labor leasing firm under an agreement between you and a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker." CGL policy p. 26 of 54. There is no allegation in the Underlying Action that Bailey was a leased worker for All Around Handyman.

"Temporary worker" means "a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions. CGL policy p. 28 of 54. There is no allegation in the Underlying Action that Bailey was a temporary worker for All Around Handyman.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 7
Cause No.

1782.0097
4859-2704-0495, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

CGL policy p. 25 of 54.

28.     In the Underlying Action, Gutierrez-Valencia alleges:

On the date of the incident, and at all material times, Defendant Bailey was in the course and scope of his employment with All Around and/or driving with All Around's permission from a parking lot he had just finished cleaning to another parking lot to be cleaned when he drove negligently as described above.

Underlying Action, third amended complaint ¶ 18. Therefore, Bailey is an "employee,"

and, as an employee, qualifies as "any insured" for purposes of the auto exclusion cited at ¶ 25,

above.

29.     In the Underlying Action, Gutierrez-Valencia also alleges negligent hiring,

retention and supervision against All Around Handyman regarding its employee Bailey:

All Around was negligent in its hiring, retention, and supervision of Defendant Bailey by failing to verify Bailey's driving privileges before permitting him to drive a vehicle on public roads while on the job.

Underlying Action, third amended complaint ¶ 25.

30.     The CGL policy excludes this very type of allegation in its auto exclusion:

This exclusion applies *even if the claims against any insured allege negligence* or other wrongdoing *in the supervision, hiring,* employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" . . . involved the ownership, maintenance, use or entrustment of others of any . . . "auto" . . . that is owned or operated by . . . any insured.

CGL policy p. 16 of 54 (emphasis added).

31.     As Bailey was alleged to be in the course and scope of his employment with All

Around Handyman, he is an "employee" of All Around Handyman and therefore an insured under

COMPLAINT FOR DECLARATORY RELIEF – PAGE 8
Cause No.

1782.0097
4859-2704-0495, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

the CGL policy who caused "bodily injury" arising out of the use of an auto he owned or operated. As such, the auto exclusion in the CGL policy precludes any coverage in this matter.

32.    Per the CGL policy's liability insuring grant, when the policy does not apply, there is no duty to defend the insured (paragraph 24, above*).*

33.    Alternatively, if Bailey was not acting in the course and scope of his employment when he allegedly injured Gutierrez-Valencia, Bailey is not an "insured" under the CGL policy and there is no coverage under the policy for that reason.

## IV.  CAUSE OF ACTION

### Declaratory Relief – No Duty to Defend or Pay Indemnity

34.    Nationwide reasserts and re-alleges the allegations in paragraphs 1 through 33 as though fully set forth herein.

35.    An actual and justiciable controversy exists between Nationwide, All Around Handyman and Gutierrez-Valencia with respect to whether the Business Auto policy provides coverage for All Around Handyman in the Underlying Action.

36.    An actual and justiciable controversy exists between Nationwide, All Around Handyman and Gutierrez-Valencia with respect to whether the CGL policy provides coverage for All Around Handyman in the Underlying Action.

37.    Nationwide seeks a declaration from the Court that it owes no duty to defend or indemnify All Around Handyman in the Underlying Action under the Business Auto policy because he was not driving a covered auto at the time he allegedly injured Gutierrez-Valencia:

- The Business Auto Policy liability coverage applies only to damages because of bodily injury caused by an accident *and* resulting from the ownership, maintenance of use of a covered auto. Here, All Around Handyman's employee Bailey was not driving a covered auto when he allegedly injured Gutierrez-Valencia, so the insurance does not apply.

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

- Per that policy's insuring agreement, if the insurance does not apply, Nationwide owes no duty to defend. Here, the insurance does not apply, so Nationwide owes no duty to defend All Around Handyman.

38.     Nationwide seeks a declaration from the Court that it owes no duty to defend or indemnify All Around Handyman in the Underlying Action under the CGL policy because that policy's auto exclusion applies:

- Bailey was alleged to be in the course and scope of his employment with All Around Handyman when he allegedly injured Gutierrez-Valencia, so Bailey is an "employee" and therefore an "insured" who caused "bodily injury" arising out of the use of an auto he owned or operated. As a result, the insurance does not apply.

- Per that policy's insuring agreement, if the insurance does not apply, Nationwide owes no duty to defend. Here, the insurance does not apply, so Nationwide owes no duty to defend All Around Handyman.

## V.  **RELIEF REQUESTED**

1.     A declaration that Nationwide owes no duty to defend or indemnify All Around Handyman in the Underlying Action under either the Business Auto policy or CGL policy Nationwide issued to it; and

2.     For such other relief as the Court may deem just.

COMPLAINT FOR DECLARATORY RELIEF – PAGE 10
Cause No.

1782.0097
4859-2704-0495, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1      Dated this 7th day of November, 2024.

2                 FORSBERG & UMLAUF, P.S.

3                 *s/Richard A. Lee*
               Richard A. Lee, OSB #842719

4

5                 *s/Stephanie Andersen*
               Stephanie Andersen, OSB #196247

6                 901 Fifth Ave., Suite 1400
               Seattle, WA  98164

7                 Phone:  (206) 689-8500
               Email: rlee@foum.law

8                           sandersen@foum.law
               *Attorneys for Plaintiff Nationwide Mutual*

9                 *Insurance Company*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DECLARATORY RELIEF – PAGE 11
Cause No.

1782.0097
4859-2704-0495, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX